United States District Court
Southern District of Texas

**ENTERED**

May 28, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| EDUARDO VAZQUEZ FLORES,<br>　　　Petitioner, | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br>4:26-cv-02207 |
| versus | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| BRET BRADFORD, *et al*,<br>　　　Respondents. | §<br>§<br>§ | |

### ORDER OF DISMISSAL

Pending is a petition for writ of *habeas corpus* by Petitioner Eduardo Vazquez Flores. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) violates the Immigration and Nationality Act and unspecified bond regulations as interpreted in *Bautista v Santacruz*, 813 F Supp 3d 1084 (CD Cal 2025), and the Due Process Clause of the Fifth Amendment. Id at ¶¶23–57, 65–71. He also claims his detention stems from a warrantless arrest and thus violates 8 USC §1357(a)(2), the Fourth Amendment, and the Administrative Procedure Act. Id at ¶¶58–64.

Prior order noted that the petition appeared to primarily raise issues resolved by the decision of the Fifth Circuit in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 6 at 2–4. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention, specifically as to his arguments under procedural due process, 8 USC §1357(a)(2), and the Fourth Amendment. Id at 4.

Pending also is a motion by the Government for summary judgment. Dkt 8. It argues that claims under procedural due process in this context necessarily fail because §1225(b)(2)(A) mandates Petitioner's detention, and procedural due process doesn't provide standalone procedures beyond that mandate. Id at 4–8. It also notes that his arguments as to warrantless arrest must fail because Petitioner was arrested pursuant to a valid warrant, which it attaches to the motion. See Dkt 8-2. The Government further contends that the lawfulness of Petitioner's arrest has no bearing on the legality of his current detention. Dkt 8 at 8–9.

Petitioner on reply maintains that his continued detention without an individualized hearing as to flight risk and dangerousness violates due process. Dkt 9 at 3–8.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.
- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment

2

between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

o *Rodriguez-Hidalgo v Noem*, 4:25-cv-05730 (SD Tex, Jan 9, 2026): Holding that a claim with respect to bond regulations fails to the extent that it relies on the interpretation of 8 USC §1225 and §1226 rejected in *Buenrostro-Mendez* because statutory language prevails over putative conflicting regulations.

o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief and otherwise relying on statutory interpretation rejected in *Buenrostro-Mendez*.

o *Sanchez-Sanchez v Bondi*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order purporting to certify a nationwide class in *Bautista v Santacruz* exceeded the jurisdiction of the Central District of California and has no preclusive effect. See also *Calderon Lopez v Lyons*, 813 F Supp 3d 692 (ND Tex) (Hendrix, J) (detailing jurisdictional issues), and *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17 (staying district court order insofar as it extends beyond the Central District of California upon determination that "government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class").

The arguments presented in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above. Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 8.

The petition for writ of *habeas corpus* by Petitioner Eduardo Vazquez Flores is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on __May 27, 2026__ , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

4